Michelle R. Press, SBN 163637
Danica Lam, SBN 266710
**WILSON, ELSER, MOSKOWITZ,**
 **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Plaintiff
STATE NATIONAL INSURANCE CO., INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE NATIONAL INSURANCE CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL INVESTMENTS, LLC; COMMERCIAL PROPERTY MANAGEMENT, INC.; DAVID SOUFER; FRED & JAMISON, LLC; and DOES 1 through 20<br><br>Defendants. | Case No: 2:22-3871<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT** |

Plaintiff State National Insurance Company, Inc. ("Plaintiff") hereby brings this complaint against defendants Global Investments, LLC, Commercial Property Management, Inc.; David Soufer (collectively "Insured Defendants") and underlying plaintiff Fred & Jamison, LLC ("Fred & Jamison"), alleging as follows:

# INTRODUCTION

1.  Plaintiff is affording a defense to Insured Defendants in an underlying action entitled *Fred & Jamison, LLC v. Global Investments, LLC, et al.*, Los Angeles County Superior Court Case No. 19STCV43669 ("the underlying action"). Plaintiff is also affording a defense to Insured Defendants in the related action filed by Fred & Jamison against the City of Los Angeles Acting by and through the Los Angeles Department of Water and Power ("The City"), in which the City filed a cross-complaint against Insured Defendants entitled *Fred & Jamison, LLC v. Los Angeles Department of Water & Power*, Los Angeles County Superior Court Case No. 20STCV23514 ("the related action").  The underlying action and the related action are sometimes collectively referred to as "the underlying actions."  Plaintiff seeks a declaration that it has no duty to defend or indemnify Insured Defendants in the underlying actions pursuant to an insurance policy Plaintiff issued. Plaintiff also seeks reimbursement of defense fees and costs it expended on behalf of Insured Defendants to defend against the underlying actions.

# THE PARTIES

2.  Plaintiff is now and was at all relevant times a corporation formed under the laws of the State of Texas with its principal place of business in Bedford, Texas. At all times mentioned in this complaint, Plaintiff has been authorized to do business in the State of California.

3.  Plaintiff is informed and believes, and thereon alleges that defendant Global Investments, LLC, is a limited liability company formed in California and doing business in Los Angeles County.

4.  Plaintiff is informed and believes, and thereon alleges that defendant Commercial Property Management, Inc. is a corporation filed under the laws of California and doing business in Los Angeles County.

5. Plaintiff is informed and believes, and thereon alleges that defendant David Soufer is an individual and resident of Los Angeles County.

6. Plaintiff is informed and believs, and thereon alleges that Fred & Jamison, LLC is a limited liability company formed in California and doing business in Los Angeles County.

## JURISDICTION AND VENUE

7. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to resolve an actual controversy between the parties as set forth herein. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332, because there is complete diversity of citizenship between Plaintiff, on one hand, and the Insured Defendants and underlying plaintiff Fred & Jamison, on the other, and there is more than $75,000 in controversy.

8. Venue is proper pursuant to 28 U.S.C. § 1391(a). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because this is a civil action in which subject matter jurisdiction is founded only on diversity of citizenship and the action is brought in a judicial district in California where Insured Defendants were doing business in at all relevant times and in which the policy was issued to Insured Defendants.

## FACTUAL BACKGROUND

### The Insurance Policy

9. Plaintiff issued an insurance policy containing Commercial General Liability ("CGL") coverage to Global Investments, LLC and others, designated as Policy No. QJT-SN001586-00, effective May 26, 2018 to May 26, 2019 ("the policy"). The policy contains limits of $1 million for Each Occurrence and $1 million for Personal and Advertising Injury, subject to a $2 million General Aggregate Limit (including Products-Completed Operations). Global Investments, LLC is identified in the CGL Declarations as a Limited Liability

Company, with business description: Apartment Buildings. The address of 526 S. Oxford is identified as Premises No. 5 in the policy. CGL coverage is provided pursuant to Form CG 00 01 04 13.

10. The coverage form includes the following pertinent terms:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

    (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

    b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2) The "bodily injury" or "property damage" occurs during the policy period; and

    (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

\* \* \*

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

\* \* \*

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

\* \* \*

2. Each of the following is also an insured:

b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

\* \* \*

**SECTION V- DEFINITIONS**

\* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

## The Underlying Actions

11. On December 4, 2019, Fred & Jamison filed the underlying action against Insured Defendants. The underlying action alleges that Fred & Jamison owns real property located at 500 S. Oxford Ave., Los Angeles, CA ("500 S. Oxford"). The underlying action alleges that Global Investments, LLC owns the adjoining property at 526 S. Oxford Ave., Los Angeles, CA ("526 S. Oxford"). Fred & Jamison alleged that Commercial Property Management, Inc., managed 526 S. Oxford, and David Soufer owns or controls both Global Investments, LLC and Commercial Property Management, Inc.

12. Fred & Jamison alleged in the underlying action that it is redeveloping and constructing 500 S. Oxford, and upon investigation, it discovered a long-standing water leak on 526 S. Oxford, about which Insured Defendants allegedly were aware but did not repair.

13. At the time of the alleged water leak, Fred & Jamison's property was a vacant lot. At the time Fred & Jamison filed the underlying action, 500 S. Oxford was a vacant lot.

14. Fred & Jamison allege the water leak caused significant losses and damage to 500 S. Oxford. The underlying action contains causes of action for trespass, nuisance, and negligence.

15. On March 22, 2021, the Insured Defendants filed a cross-complaint against The City in the underlying action.

### The Related Action

16. On June 22, 2020, Fred & Jamison filed the related action against the City, alleging the same facts and damages as alleged in the underlying action.

17. On September 16, 2020, The City filed a cross-complaint against the Insured Defendants in the related action.

### CAUSES OF ACTION

### First Cause of Action

### Declaratory Relief against All Defendants

### (No Duty to Defend Insured Defendants in the Underlying Actions)

18. Plaintiff refers to and incorporates herein by reference each and every allegation set forth above as if set forth here in full.

19. Fred & Jamison's claimed damages in the underlying actions arise from alleged water intrusion from 526 S. Oxford to 500 S. Oxford, a vacant lot. There was no building on the property at 500 S.Oxford at the time of the alleged water intrusion.

20. In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the policy, Plaintiff contends it has no duty to defend Insured Defendants in the underlying actions, as the alleged water intrusion did not potentially cause "property damage" as that term is defined in the policy. As a result, the complaints in the underlying action and the related action do not fall within the basic scope of coverage of the insuring clause of the policy.

21. Plaintiff is informed and believes and thereon alleges that defendants contend that there is coverage under the policy for the underlying actions, and that Plaintiff has a duty to defend Insured Defendants in connection with the underlying action under the policy.

22. An actual dispute and controversy exists between Plaintiff and defendants as to coverage under the policy for the underlying actions and Plaintiff's lack of a duty to defend Insured Defendants under the policy and applicable law, and a judicial determination is necessary to resolve this dispute.

23. Plaintiff seeks a declaration from this Court that there is no coverage for the underlying action and that Plaintiff has no obligation to defend Insured Defendants in the underlying actions.

## First Cause of Action

## Declaratory Relief against All Defendants

**(No Duty to Indemnify Insured Defendants in the Underlying Actions)**

24. Plaintiff refers to and incorporates herein by reference each and every allegation set forth above as if set forth here in full.

25. Fred & Jamison's claimed damages in the underlying action arise from alleged water intrusion from 526 S. Oxford to 500 S. Oxford, a vacant lot.

26. In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the policy, Plaintiff contends it has no duty to indemnify Insured Defendants in the underlying actions as the alleged water intrusion did not cause "property damage" as that term is defined in the policy.

27. Plaintiff is informed and believes and thereon alleges that defendants contend that there is coverage, and that Plaintiff has a duty to indemnify Insured Defendants in the underlying actions under the policy.

28. An actual dispute and controversy exists between Plaintiff and defendants as to coverage under the policy for the underlying actions and Plaintiff's lack of a duty to indemnify Insured Defendants, and a judicial determination is necessary to resolve this dispute.

29. Plaintiff seeks a declaration from this Court that there is no coverage for the underlying actions and that Plaintiff has no obligation to indemnify

Insured Defendants for any damages arising out of the alleged water intrusion in the underlying actions.

## Third Cause of Action

## For Reimbursement of Defense Fees and Costs

30. Plaintiff refers to and incorporates herein by reference each and every allegation set forth above as if set forth here in full.

31. Plaintiff agreed to defend Insured Defendants in the underlying actions under a reservation of rights, including the right to seek reimbursement of attorneys' fees and costs expended to defend Insured Defendants for claims not covered under the policies.

32. There is no potential for coverage for the underlying actions under the policy.

33. Accordingly, Plaintiff is entitled to reimbursement for the full amount it expended to defend the Insured Defendants in the underlying actions with interest.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Insured Defendants as follows:

1. For a judicial declaration that there is no potential for coverage under the policy for the underlying actions, and thus, Plaintiff has no duty to defend Insured Defendants in the underlying actions;

2. For a judicial declaration that there is no coverage under the policy, and thus, Plaintiff has no duty to indemnify the Insured Defendants in the underlying actions;

3. For reimbursement of attorney's fees and costs Plaintiff incurred to defend Insured Defendants in the underlying actions;

4. For such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: June 6, 2022 | WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP |
| | By: _/s/ Danica Lam_____ |
| | Michelle R. Press |
| | Danica Lam |
| | Attorneys for Plaintiff STATE NATIONAL INSURANCE CO., INC. |

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

271781401v.1